IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                  :
KOGOK CORPORATION
                                  :
     v.                           : Civil Action No. DKC 2006-0862
                                  :
PERRY JOHNSON
                                  :

                        **MEMORANDUM OPINION**

     Presently pending and ready for resolution in this case is the motion (paper 24) filed by Plaintiff Kogok Corporation for reconsideration of the court's October 12, 2006 Order dismissing Plaintiff's complaint for lack of personal jurisdiction (paper 23). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, Plaintiff's motion will be denied.

**I.  Background**

     Plaintiff asserted a class action complaint against Defendant Perry Johnson for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, through the distribution of unsolicited facsimile transmissions including facsimiles sent to Plaintiff. The facts of the case and the reasoning supporting the conclusion that Plaintiff had failed to demonstrate a *prima facie* showing of personal jurisdiction are fully set forth in the court's October 12, 2006 Memorandum Opinion (paper 22) and need not be repeated here.

A motion for reconsideration of a final order can be asserted through several avenues, including Fed.R.Civ.P. 59(e), which provides for a "Motion to Alter or Amend Judgment," or Fed.R.Civ.P. 60(b), which provides for a motion for relief from a judgment or order.  A district court should determine and specifically state which of these standards applies to a motion before deciding the motion, because "[t]he differences between the two rules are substantial and affect what evidence can be considered and what law controls."  *Zinkand v. Brown*, 478 F.3d 634, 636 (4th Cir. 2007). Plaintiff argues for reconsideration pursuant to Fed.R.Civ.P. 59(a)&(e).  The court will consider the motion only under the standard for a motion to alter or amend judgment under Rule 59(e) because the only other rule cited by Plaintiff, Fed.R.Civ.P. 59(a), provides for a motion for a new trial, and is not applicable under the circumstances of this case.

**II.  Standard of Review**

Fed.R.Civ.P. 59(e) authorizes a motion to alter or amend judgment and provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Although the language of the rule does not specify the standard under which such a motion is properly evaluated, the United States Court of Appeals for the Fourth Circuit has recently explained the legal standard applicable to a motion under Fed.R.Civ.P. 59(e):

> Our case law makes clear . . . that Rule 59(e) motions can be successful in only three situations: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).
>
> Thus, Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made. *See Pac. Ins. Co.*, 148 F.3d at 403. To this end, the court, of necessity, has some discretion to determine whether additional evidence should be considered or further argument heard. If the court elects to look at additional evidence represented as having been unavailable at the prior hearing, the court must satisfy itself as to the unavailability of the evidence and likewise examine the justification for its omission. *See RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992) (concluding that a district court can accept new evidence under Rule 59(e) as long as the party provides justification for why the evidence was not presented previously). . . .
>
> The same analysis applies to the district court's decision [as to whether] to hear further legal argument. . . .

*Zinkand*, 478 F.3d at 636. "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403; *see also Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n.1 (D.Md. 2001) ("[A] motion to reconsider is not a license to reargue the merits or present new evidence."

(citing *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)).

**III. Analysis**

Plaintiff asserts several alleged errors in the court's analysis of the legal and factual issues raised by Plaintiff's opposition to the motion to dismiss.  None of these arguments asserts a previously unavailable factual or legal contention or a clear error or manifest injustice resulting from the dismissal of Plaintiff's complaint.  As a result, none of Plaintiffs arguments are proper grounds for reconsideration.  *See Zinkand*, 478 F.3d at 637.

Plaintiff first argues that the court elevated form over substance in refusing to grant jurisdictional discovery because Plaintiff had requested discovery in its briefing of the personal jurisdiction issue even though no formal motion for discovery was made.  Plaintiff's request for jurisdictional discovery was denied, however, not because Plaintiff had not made a formal motion, but because Plaintiff's request for discovery did not specify any particular contacts between Defendant and the forum state that would be discovered, and thus the discovery request was based on speculation.  Plaintiff's argument for jurisdictional discovery in its motion for reconsideration does not present any new factual or legal developments and merely attempts to reargue the merits of its discovery requests.  Reargument of the merits is not a proper

4

ground to seek reconsideration. *Royal Ins. Co. of Am.*, 142 F.Supp.2d at 677 n.1. Furthermore, the only specific discovery Plaintiff seeks is of the contact database allegedly maintained by one or more of the corporations owned by Defendant. As the court's previous Memorandum Opinion made clear, contacts between these corporations and Maryland do not, without more, constitute Defendant's personal contacts with Maryland. (Paper 22, at 14-20).

Plaintiff also contends that the court misinterpreted the deposition testimony of Manuel Carrillo, the Director of Information Systems for Perry Johnson, Inc. at the time of the allegations in this case. Plaintiff argues that the court thus understated the number of facsimiles directly overseen by Defendant and failed to appreciate a pattern of conduct suggesting that Defendant's control over the sending of transmissions extended beyond the immediate scope of Mr. Carrillo's testimony. All of the testimony cited and relied upon by Plaintiff in making this argument was submitted with Plaintiff's motion for class certification. (Paper 3, Exs. S & X). The same arguments were advanced by Plaintiff in opposition to the motion to dismiss and were rejected by the court. (Paper 22, at 15-16). Plaintiff's argument inappropriately contests the merits of the personal jurisdiction issue without demonstrating clear error or manifest injustice to justify reconsideration of the same arguments Plaintiff previously asserted in opposition to the motion to

5

dismiss.  *See Royal Ins. Co. of Am.*, 142 F.Supp.2d at 677 n.1. Furthermore, as the court observed in granting the motion to dismiss, this evidence does not establish a *prima facie* showing of personal jurisdiction because it does not indicate that Defendant directed the sending of any transmissions to Maryland.  (Paper 22, at 15 & n.11).

In its reply brief in support of the motion for reconsideration, Plaintiff explains that Mr. Carrillo, at his September 20, 2005 deposition in a related state court case, testified that Defendant had directed him to send certain facsimiles, identified in that deposition as exhibits F through L. (Paper 3, Ex. S, at 205-06).[1]  This testimony was part of Plaintiff's prior submission in opposition to the motion to dismiss as an exhibit to Plaintiff's motion for class certification, which was incorporated by reference in Plaintiff's opposition to the motion to dismiss.  Plaintiff argues that the documents identified as exhibits F through L at Mr. Carrillo's deposition are the same documents submitted in Paper 28, and that these facsimiles were sent by Mr. Carrillo in 2002 and 2003.  (Paper 27, at 7).  In order to establish a *prima facie* showing of personal jurisdiction

---

[1] Because the electronic record was confusing concerning those documents, Plaintiff's counsel was requested to clarify the record. The documents submitted to not clarify–and in fact further confuse - the record.  See Paper 28.

6

Plaintiff would also have to show that some of the facsimiles that Defendant allegedly directed were sent to Maryland.

Of these documents, however, only exhibit L contains markings identifying it as an exhibit used in Mr. Carrillo's September 20, 2005 deposition.  Furthermore, exhibit K, a declaration by Kristine Kogok, was signed on April 12, 2006, nearly eight months *after* Mr. Carrillo's deposition.  The other facsimiles included in paper 28, exhibits F through J, contain no indication of their recipient.  Ms. Kogok's declaration identifies these documents as facsimiles received by Plaintiff, but under the circumstances there is no basis to conclude that Ms. Kogok referred to the same documents that Mr. Carrillo discussed during his September 20, 2005 deposition.  Furthermore, Mr. Carrillo identified all the documents identified as exhibits F through L at his deposition as facsimiles he had sent.  This testimony contradicts Plaintiff's assertion that the exhibits attached to Paper 28, including Ms. Kogok's subsequently executed declaration, were the same exhibits F though L discussed by Mr. Carrillo in his deposition.

None of the facsimiles included in exhibit L were sent to Maryland, and there is no basis, apart from Ms. Kogok's subsequent declaration, upon which to conclude that Exhibits F through J were sent to Maryland.  As a result, even drawing all inferences in Plaintiff's favor, this evidence would not support Plaintiff in making a *prima facie* showing as to personal jurisdiction.

7

Plaintiff also argues that the court applied the wrong legal standard for attributing to Defendant personally contacts between Defendant's corporations and Maryland.  Plaintiff argues that personal jurisdiction over Defendant is proper if he directed the sending of facsimiles generally, regardless of whether he directed or knew of any facsimiles sent to Maryland.  In making this argument, Plaintiff relies on two cases decided by the Court of Special Appeals of Maryland:  *T-Up, Inc. v. Consumer Protection Division*, 145 Md.App. 27 (Md.Ct.Spec.App.), *cert. denied*, 369 Md. 661 (2002), and *MaryCLE, LLC v. First Choice Internet, Inc.*, 166 Md.App. 481 (Md.Ct.Spec.App. 2006).

Plaintiff advanced the same arguments, citing the same cases, in opposition to the motion to dismiss.  (Paper 16, at 11 n.14, 12-13).  The court rejected this argument, concluding that more direct supervision of the contact with the forum state is required in order to exercise personal jurisdiction over a corporate officer.  (Paper 22, at 13-16).  Because Plaintiff only reiterates a legal argument raised in the initial consideration of Defendant's motion to dismiss, this argument is not a proper ground for reconsideration.[2]  *Royal Ins. Co. of Am.*, 142 F.Supp.2d at 677 n.1.

---

[2] Furthermore, the court's conclusion that more direct supervision is required by the Maryland long-arm statute is not clearly erroneous in light of the cases cited by Plaintiffs.  The opinion of the Court of Special Appeals in *T-Up, Inc.* did not concern the application of personal jurisdiction principles, but related only to the standard for personal *liability* for corporate
(continued...)

In addition, Plaintiff asserts that under *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), it does not matter that the transmissions were sent from Michigan, because personal jurisdiction is proper in the state where the transmissions were received, where the "brunt of the injury would be felt." While Plaintiff did not cite *Calder* in opposition to the motion to dismiss, there is no reason Plaintiff could not have raised this legal argument at that time. A motion for reconsideration is not properly based on legal arguments that could have been made before the original motion was decided. *See Zinkand*, 478 f.3d at 637. Moreover, the reasoning of *Calder* is consistent with the court's reasoning in dismissing Plaintiff's complaint. In *Calder*, personal jurisdiction was present because the allegedly tortious conduct of the defendants was specifically targeted toward the state of California. *Calder*, 465 U.S. at 789-90. Conversely, this court lacks personal jurisdiction over Defendant because, as discussed above and as the court previously found (paper 22, at 15-16 & n.11), there has been no *prima facie* showing that Defendant directed or participated in any activity targeted toward the state of Maryland.

---

[2](...continued)
acts under Maryland's Consumer Protection Act.  *T-Up, Inc.*, 145 Md.App. at 72-75.  The court's decision in *MaryCLE, LLC*, concerned the constitutional aspect of personal jurisdiction, but did not separately consider whether indirect supervision satisfied the terms of Maryland's long-arm statute, *MaryCLE, LLC*, 166 Md.App. at 497-98, one of the grounds upon which the court based its dismissal of Plaintiff's complaint.  (Paper 22, at 14-15).

Finally, Plaintiff argues that the proposed class settlement in *Hypertouch Inc. v. Perry Johnson, Inc.*, (Cal.Super.Ct. San Mateo County filed Oct. 5, 2001), which Plaintiff asserts became available to the public only as of August 25, 2006, constitutes new evidence justifying reconsideration.  Plaintiff complains that the proposed settlement would extinguish Plaintiff's claims if it opted into that class, and would provide only a worthless coupon in return.  Regardless of the merits of Plaintiff's criticism of this class settlement, however, the proposed settlement is not relevant to whether Plaintiff has demonstrated a *prima facie* case of personal jurisdiction as to Defendant.  Thus, this new factual development is not an appropriate ground for reconsideration of the October 12, 2006 Order dismissing Plaintiff's complaint for lack of personal jurisdiction.

**IV. Conclusion**

For the foregoing reasons Plaintiff's motion for reconsideration will be denied.  A separate Order will follow.

                                          /s/
                              DEBORAH K. CHASANOW
                              United States District Judge